IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANA DIANNA DAVIS, #913-442<br>        Petitioner,<br><br>    v.<br><br>JOHN WILT, et al.,<br>        Respondents. | *<br><br>*<br><br>*    CIVIL ACTION NO. WDQ-06-452<br><br>*<br><br>*<br>****** |

**<u>MEMORANDUM</u>**

On February 21, 2006, Petitioner Dana Dianna Davis filed the instant 28 U.S.C. § 2254 habeas corpus application attacking her conviction for second degree murder entered in 1997 by the Circuit Court for Baltimore County, Maryland. Paper No. 1. On March 22, 2006, Respondents filed an answer to Petitioner's application for habeas relief solely addressesing the timeliness of Petitioner's application. Paper No. 4. Pursuant to this Court's Order of April 17, 2006, Petitioner was granted an opportunity to file a reply to the Answer stating that her Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 6. This she has done. Paper Nos. 5 and 8.

Petitioner's convictions were entered pursuant to a guilty plea on February 3, 1997. Paper No. 4, Ex. 1. She did not seek direct appellate review, nor has she instituted state post conviction proceedings. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C.

§ 2244(d).[1] This one year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on March 7, 1997. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-204(b). Between March 7, 1997, and the filing of the instant case on February 21, 2006, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. *See* 28 U.S.C. § 2244(d).

Petitioner contends that this Court should consider her Petition despite it being untimely

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

filed. Paper Nos. 5 and 8. Petitioner states that she was acting without benefit of counsel and therefore had a limited understanding of the law. *Id.*

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.,* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the respondent's acts prevent the petitioner from asserting the claim, or where extraordinary circumstances beyond the petitioner's control, prevent petitioner from filing a timely claim. *Id*. (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). Petitioner's knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation). In light of the foregoing, a separate Order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).

<u>April 27, 2006</u>                                        <u>      /s/                       </u>
Date                                                William D. Quarles, Jr.
                                                    United States District Judge